Eric Potter, Plaintiff Pro Se
2039 Milton Ave
Neptune, N.J. 07753
(732) 682-5999

RECEIVED

AUG 17 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ERIC POTTER,
    Plaintiff            :

    vs                  :
                                              C.A. No.

JAMES GLOVER, Supt of
Northern State Prison;
ERIC STOKES, Ass't. Supt.
Northern State Prison;
JOHN DOE HARMON, Corr.
Officer at Northern
State Prison assigned
to Property Room; JOHN
DOE CURTIS, Corr. Officer
at Northern State Prison
assigned to Property Room;
JOHN DOE SHAW, Classification
Officer at Northern State
Prison; JANE DOE, Classification
Officer at Northern State Prison;
DR. JOHN DOE HOCHENBERG; DR JOHN
DOE REDDY: DR. JOHN DOE GODINSKY:
all Doctors are employed by
CMS-UMDNJ and assigned to the
Northern State Prison; All the
Defendants in their individual
and official capacities.
    Defendants

Civil Rights Complaint
with a Jury Demand

This is a §1983 action filed by Eric Potter formally

2

a prisoner at the Northern State Prison alleging that while confined there were numerous violations of his Constitutional rights and seeking money damages, declaratory judgment and the request of a jury trial.

### Jurisdiction

1. This is a civil rights action under 42 U.S.C. §1983 This Court has jurisdiction under 28 U.S.C. §1343. Plaintiff also invokes the pendent jurisdiction of this Court.

### Parties

2. Plaintiff Eric Potter was recently incarcerated in the Northern State Prison located in Newark, New Jersey.

3. Defendant James Glover is the Superintendent of the Northern State Prison and is responsible for the operation and management of the Northern State Prison (NSP)He is also ultimately responsible for the training and supervision of the correctional personnel employed at the NSP.He is sued in his individual and official capacities.

4. Eric Stokes is the Assistant Superintendent of the NSP and is the Assistant responsible for the operation and management of the NSP he is sued in his individual and official capacities.

5. John Doe Harmon is a COrrections Officer at the NSP assigned to the Property Room charged with the storage and maintaining of inmate personal property.Defendant Harmon is

3

an agent of defendants Glover and Stokes. He is sued in his' individual and official capacities

6. Defendant John Doe Curtis is a Corrections Officer at the NSP assigned to the Property Room, charged with the maintaining and safeguarding of inmate personal property. He is an agent of defendants Glover and Stokes. He is sued in his official and individual capacities.

7. Defendant John Doe Shaw is assigned to the Classification Office at the NSP charged with the calculation and computation of inmate parole, maximum expiration of sentence updating as well as reduced custody eligibilities. He is sued in his individual as well as official capacities.

8. Defendant Jane Doe is assigned to the Classification Office at the NSP, charged with the calculation and computation of inmate parole, maximum expiration of sentence updating as well as reduced custody eligibilities. She is sued in her individual as well as official capacities.

9. Defendant Dr. John Doe Hochenberg is a member of the medical staff at the NSP assigned by and/or through CMS-UMDNJ. He is responsible for the care and medical treatment as well as diagnosis of medical problems of inmates. He is sued in his individual as well as official capacities.

10. Defendant Dr. John Doe Reddy is a member of the CMS-UMDNJ

4

medical staff assigned to the NSP. He is responsible for the care and medical treatment as well as diagnosis of medical problems of inmates. He is sued in his individual as well as official capacities.

11. Defendant John Doe Godinsky is an employee of CMS-UMDNJ assigned to the NSP. He is responsible for the care, treatment and diagnosis of inmates. He is sued in his individual as well as official capacities.

12. All defendants acted under "color of law" during all times relevant to this complaint.

### Facts

13. Plaintiff Eric Potter was returned to the Monmouth County Court for an adjustment of the original meted sentence. In compliance with NSP regulations all his personal property was packed up to be stored in the Property Room until his return.

14. Plaintiff returned to NSP 24 hours later from the aforementioned court trip (see paragraph 13 supra) to find that his personal property including: a 13" color television, personal clothes and legal documents including mail necessary for the perfecting of a *Pro Se* criminal appeal plaintiff was litigating had been erroneously transferred to the East Jersey State

5

Prison. This was although plaintiff was not scheduled or ever transferred to the East Jersey State Prison.

15. Plaintiff adhered to the institutional policy for the reporting and recovery of misplaced property to no avail. Defendant Curtis stated to plaintiff that he would replace the lost television, though this never happened.

16. Plaintiff did subsequently receive a shoebox containing some of his personal correspondence but no legal documents, legal papers or legal correspondence.

17. An inmate grievance was filed as per regulation and signed as received by defendant Stokes.

18. The aforementioned grievance (see paragraph 17 supra) was processed by defendant Harmon yet plaintiff received no returned property.

19. Plaintiff was diagnosed by the medical staff with hepatitus C, however subsequent to the diagnosis he was never adequately treated. Specifically, he was told that he needed to see someone from the psychological department yet the interview was never held, blood work was routinely ordered but never taken and on person medication was rarely if ever dispensed.

20. Subsequent to plaintiff's sentence reduction which was predicated by an Appellate Court decision he sought a

6

recalculation and update on the maximum expiration date of his sentence. Numerous administrative grievance forms were filed yet defendants John Doe Shaw and Jane Doe refused to or neglected to make the necessary changes. Defendants Glover and Stokes signed some of the grievance forms yet neglected to order the recalculations.

21. Ultimately, plaintiff was held incarcerated past the maximum expiration of his sentence ordered by the Court before being released.

22. In seeking to abet his own rehabilitation, plaintiff allowed himself to be placed in an institutional program at the NSP entitled "Gateway". The program was located at the part of the prison facility designated as the "camp".

23. While in the camp program plaintiff was subjected to a serious mold problem predicated by moisture which went uncorrected. There were 2 showers for 16 inmates but only one shower worked. The one operable shower had no hot water. Plaintiff was subjected to cold showers over one year.

Additionally, plaintiff was subjected to the fact that the sinks and toilets were broken and went unrepaired. There were two large leaks in the roof predicating that inmates use the storage bins distributed for inmates personal property

7

to impede the water from the leaks flooding the floors. Even after a year which plaintiff had personal knowledge no repairs had been made.

24. Defendants Glover and Stokes failed to make or take corrective action concerning the allegations of paragraphs 13 through 23.

### Claims

### First Cause of Action

25. The actions of defendants stated in paragraphs 13 through 23 denied plaintiff due process of law in violation of the Fourteenth Amendment.

26. Plaintiff's Fourteenth Amendment right to be free of unequal treatment was violated when:

a) his maximum expiration date was not updated

b) he served more time than the court ordered

### Second Cause of Action

27. The actions of the defendants stated in paragraphs 13 through 23 denied his First and Fourteenth Amendment right to access to the Court when all legal documents and preparatory legal pleadings in his *Pro Se* criminal appeal were lost and not returned while in the defendants custody.

### Third Cause of Action

28. The actions of the defendants stated in paragraphs 13

8

through 23 violated plaintiffs Eighth and Fourteenth Amendment AND 9th AMENDMENTS RIGHTS to MEDICAL TREATMENT. right to protection from Cruel and Unusual Punishment when:

a) he was subjected to hazardous and unhygenic living conditions'

b) failure of the institutional medical staff to adequately treat plaintiff once Hepatitis C was diagnosed

### Fourth Cause of Action

29. The actions of defendants in paragraphs 13 through 23 violated state law:

30. Plaintiff alleges that defendants Harmon and Curtis seperately and in concert violated state laws of conversion and the regulations of the DEpartment of Corrections with respect to the handling of prisoners property and right to possession of the property misplaced and not returned.

### Relief

**WHEREFORE** Plaintiff requests this Honorable Court grant the following relief:

A. Issue a declaratory judgment that defendants violated the United States Constitution and state law when they:

1) lost plaintiff's legal and personal property.

2) subjected plaintiff to illegal confinement by holding

9

subsequent to his maximum expiration of sentence

3). subjected plaintiff to cruel and unusual punishment by not abiding by it's own (Dept. of Corrections) regulations in not answering or bringing plaintiff's grievances to a mandated investigation and conclusion

4). subjecting plaintiff to cruel and unusual punishment as well as medical deprication by not treating either timely or throughly plaintiff's diagnosed condition.

5). losing, misplacing or destroying plaintiff's personal property without compensation.

6). subjecting plaintiff to unsafe and unsanitary health conditions by not repairing those plumbing and roofing problems causing plaintiff to be further subjected to cold showers and other medical problems from leaks and unrepaired problems

B. Grant compensatory damages in the following amounts:
1) 100,000.00 against defendant Glover
2) 100,000.00 against defendant Stokes
3) 100,000.00 against defendant Hochenberg
4) 100,000.00 against defendant Reddy
5) 100,000.00 against defendant Godinsky

10

  6) 50,000,00 against defendant Shaw

  7) 50,000,00 against defendant Jane Doe

  8) 50,00 000 against defendant Harmon

  9 50,00 000 against defendant Curtis

C. Grant punitive damages of $50,000 against each of the defendants

D. Grant such other relief as it may appear plaintiff is entitled

         Respectfully submitted,

         *Eric Potter* Pro-se

         Eric Potter
         2039 Milton Ave.
         Neptune, N.J. 07753