UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC POTTER,<br><br>   Plaintiff,<br><br>v.<br><br>JAMES GLOVER *et al.*,<br><br>   Defendants. | Civil Action Number:<br>2:09-cv-4304<br><br>ORDER<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

Plaintiff Eric Potter was incarcerated in New Jersey Northern State Prison (NSP). After his release, he filed a *pro se* four-count civil rights action, subsequently amended, alleging violations of his First Amendment, Eighth Amendment, and Fourteenth Amendment rights. Defendants Eric Stokes, a NSP Assistant Superintendant; Stephen Shaw, a classification officer; and Corrections Officers M. Curtis and H. Harmon, have filed a motion to dismiss the amended complaint. For the reasons elaborated below, Defendants' Stokes, Shaw, Curtis, and Harmon's Motion to Dismiss will be **GRANTED** in part, and **DENIED** in part.

### I.   BACKGROUND

The following facts appear in the Amended Complaint, are otherwise uncontested, or are matters of public record. Plaintiff was convicted on drug-related charges in connection with Monmouth County Indictments No. 03-10-2050, No. 03-04-0646, and No. 04-12-3036. On December 10, 2004, on Indictment Number 03-10-2050, Plaintiff was sentenced to four-years' incarceration. On January 28, 2005, on Indictment No. 03-04-0646, Plaintiff was sentenced to seven years' incarceration, with the prior four-year sentence running consecutive to the seven-year term. On May 16, 2005, the judgment of conviction was amended so that Plaintiff's sentence under Indictment No. 03-10-2050 would run concurrently with his sentence under Indictment No. 03-04-0646. On August 12, 2005, on Indictment No. 04-12-3036, Plaintiff was sentenced to seven years to run consecutively with the term imposed under Indictment No. 03-04-0646.

On December 16, 2005, Plaintiff's conviction under Indictment No. 03-10-2050 was reversed by the Appellate Division. On remand, the trial court dismissed the indictment. On July 31,

2007, Plaintiff's conviction under Indictment No. 04-12-3036 was reversed and remanded by the Appellate Division. On remand, Plaintiff entered into a plea bargain. He was sentenced to a five-year term to run concurrently with the seven-year term imposed by the convictions on Indictment No. 03-04-0646. It appears that Plaintiff began his term of incarceration on March 8, 2006 and was released on July 26, 2009. He served well under his seven-year term, having received work credits.

After his release, Plaintiff filed a civil rights action alleging: (i) that he was released *after* his maximum term had passed (a purported violation of his Fourteenth Amendment due process rights); (ii) that he was denied access to the courts (a purported violation of his First Amendment rights); (iii) that he received inadequate medical treatment (a purported violation of his Eighth Amendment rights); and (iv) that his prior conditions of confinement were hazardous and unhygienic (a purported violation of his Eighth Amendment rights). Four NSP staff persons – NSP Assistant Superintendant Eric Stokes; Classification Officer Stephen Shaw; and Corrections Officers Curtis and Harmon ("Staff Defendants") – seek to dismiss the complaint.

## II.   STANDARD OF REVIEW

*Federal Rule of Civil Procedure 12(b)(6).* This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

## III.   ANALYSIS

At the outset the Court notes that any claim for monetary damages against the State, its instrumentalities, or the Defendants in their official capacity is barred by the Eleventh Amendment. Likewise, because Plaintiff is no longer incarcerated, it would appear that any injunctive remedy is moot.

*Count I*. Count I alleges a due process violation in that Plaintiff "served more time than the Court ordered" and that "his maximum expiration date was not updated." Specifically, he

sought a recalculation of his maximum expiration date in consequence of "a [favorable] appellate decision" and that Defendants Shaw, Stokes, and [Superintendent] Glover neglected to order any recalculation. Plaintiff's claim comes absent any specificity. It does not specify which appellate decision is at issue, or how the maximum term should have changed, or exactly when he should have been released, although in his opposition brief, Plaintiff asserts that he should have been released on July 19, 2009 (one week prior to his actual release date). The Government responds that the New Jersey State Parole Board, prior to Plaintiff's release, had received modified judgments of conviction following the appeals, remands, and re-sentencings involving Indictments No. 04-12-3036 and No. 03-10-2050, and, that all but one of the sentence-related grievances Plaintiff filed related to his eligibility date for parole – not his maximum term date, and, finally, that the one grievance Plaintiff filed relating to his maximum term date was considered by the prison authorities and addressed Plaintiff's concerns. It is also not clear that Plaintiff sought to appeal this administrative decision. The Government, which has not filed a timely reply, has not responded to Plaintiff's specific argument that he was shortchanged by one week's time in regard to his maximum sentence. For these reasons, the Court will order Plaintiff to file a second amended complaint within 30 days from the entry of the order filed with this opinion. The second amended complaint must make specific allegations in regard to what grievances were filed and what appeals were taken where available. The second amended complaint must also make specific allegations illustrating how Plaintiff accrued the reduced sentence he claims to have accrued. Failure to follow the Court's instructions will result in dismissal of the claim.

*Count II*. In Count II, Plaintiff alleges he left the prison for resentencing at Monmouth County Court. While away, his property was packed and stored. He alleges that when he returned some of his property was missing. Specifically, he alleges that "his First and his Fourteenth Amendment right[s] to access to the court" were denied "when [his] legal documents were lost [by prison personnel] and not returned" to him. The missing documents purportedly related to one of his *pro se* criminal appeals. "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit. To that end, prisoners must satisfy certain pleading requirements: The complaint *must* describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (emphasis added) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415, 416-17)). Because Plaintiff makes no such showing in his complaint, nor does he make any proffer in regard to any such showing in his opposition brief, this cause of action must be dismissed.

*Count IV*. Count IV is a state law conversion claim in regard to Plaintiff's lost property. In addition to losing his legal papers, Plaintiff alleges that Defendants lost some of his other papers, his clothes, and his television. Defendants have put forward a variety of defenses.

First, although Plaintiff filed a grievance, he failed to file any appeal of his grievance within the prison system. This is a failure to exhaust administrative remedies. Furthermore, Plaintiff's exclusive post-deprivation remedy (assuming there was some cognizable deprivation) is by way of appeal to the Appellate Division of the New Jersey Superior Court, not this Court. *Pascucci v. Vagott*, 71 N.J. 40 (1976). Finally, Plaintiff failed to file a timely notice of claim. *See* N.J.S.A. 59:8-8. For these reasons, Count IV will be dismissed.

*Count III*. Count III is an Eighth Amendment claim alleging that "Plaintiff was subjected to hazardous and unhygienic living conditions" and that the "institutional medical staff refused to adequately treat Plaintiff when he was diagnosed with Hepatitis C." The Staff Defendants are not medical personnel; they cannot be fairly described as "institutional medical staff." Thus, it appears Plaintiff is not seeking relief against the Staff Defendants on this basis. In any event, such relief is barred. Plaintiff has made no well-pled allegation or any other showing suggesting that the Staff Defendants were deliberately indifferent to Plaintiff's condition. *I.e.*, that the Staff Defendants had "a reason to believe (or actual knowledge) that prison doctors or their assistants [were] mistreating (or not treating) [the plaintiff] prisoner, [and absent such a reason] a non-medical prison official like [any of the Staff Defendants] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). For these reasons, Count III's indifference to a medical condition claim will be dismissed in regard to the Staff Defendants.

Plaintiff also asserts an Eighth Amendment condition of confinement claim relating to unhygienic conditions. He alleges a "serious mold problem" which led to an "evacuation;" that only 2 showers were available for 16 inmates, but only one of the two showers was operable and that it worked absent hot water; that the sinks and toilets were broken; and, finally, that the roof leaked. Plaintiff makes no showing that any of the Staff Defendants were aware of these conditions. He alleges that he gave notice to one Officer Ruella – who is not a defendant in this action. He alleges that he submitted a single remedy form, but he does not explain which prison staff person received the form or if that person was a Staff Defendant. Nor does his purported remedy form, Doc. No. 29-3 at 26, mention any of the Staff Defendants by name. Thus, there is no basis to conclude that the Staff Defendants were deliberately indifferent to any violation of his Eighth Amendment rights, assuming that these purported violations, if proven, amount an Eighth Amendment claim. *Union County Jail Inmates v. Di Buono*, 713 F.2d 984, 997 (3d Cir. 1983) (holding that an Eighth Amendment violation requires an "extreme deprivation" falling below the boundary which is the "minimal civilized measure of life's necessities."). For these reasons, Count III's condition of confinement claim will be dismissed in regard to the Staff Defendants.

## IV.  CONCLUSION

For the reasons elaborated above, Defendants' Motion to Dismiss is **GRANTED** in part, and **DENIED** in part.

Count II and Count IV are dismissed.

Count III is dismissed against Defendants Stokes, Shaw, Harmon, and Curtis.

In regard to Count I, the Court orders Plaintiff to file a second amended complaint within 30 days from the entry of the order filed with this opinion. The second amended complaint must make specific allegations in regard to what grievances were filed and what appeals were taken in regard to Plaintiff's maximum term date. The second amended complaint must also make specific allegations illustrating how Plaintiff accrued the reduced sentence he claims to have accrued. Failure to follow the Court's instructions will result in dismissal of the claim.

An appropriate order accompanies this opinion.

s/ William J. Martini

**DATE: June 22, 2011**           **William J. Martini, U.S.D.J.**